IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DONALD DENNIS,            :
                         :
     Plaintiff,           :     CIVIL ACTION 11-0408-WS-M
                         :
v.                       :
                         :
JOJO SCHWARZAUER,         :
                         :
     Defendant.           :

<u>REPORT AND RECOMMENDATION</u>

Donald Dennis, an Alabama prison inmate proceeding *pro se*
and *in forma pauperis,* filed a Complaint under 42 U.S.C. § 1983.
This action was referred to the undersigned pursuant to 28
U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  For the
reasons stated below, it is recommended that the motion for
summary judgment of Defendant JoJo Schwarzauer be granted, and
that Plaintiff's action against the Defendant be dismissed.

I.   <u>SUMMARY OF FACTUAL ALLEGATIONS</u>

1.   From its review of the record, the Court summarizes
the parties' allegations that are material to the issues
addressed in this Report and Recommendation.

2.   The Court has construed the Plaintiff's confusing
pleadings to assert the following claims and supporting facts.

3.     In the Prisoner Complaint for Inmate Action Under 42 U.S.C. § 1983 ("Complaint") filed on July 25, 2011, Plaintiff names JoJo Schwarzauer[1] as the Defendant (1, p. 1).

4.     Plaintiff claims that Defendant, who is the Clerk of Court at Mobile County Circuit Court, failed to properly docket papers filed by Plaintiff, misnamed Plaintiff on filings, and sent in "Darryll Dennis's DNA for [his]" in August of 2010. (Doc. 1, pp. 3-4, 6-7).  Specifically, Plaintiff claims that Defendant **has caused [him] to be convicted** under someone elses (sic) name and someone elses (sic) DNA profile." (Doc. 1, p. 6)(emphasis added).  Also, Plaintiff claims that Defendant has denied Plaintiff "access to the court" by not keeping the Plaintiff's Court "records straight".  Thus, Defendant's actions led to Plaintiff's conviction and continued imprisonment at Holman Correctional Facility, which is where he currently resides (*see* Doc. 1, p. 7).

5.     Plaintiff's request for relief is for his records to be corrected by Defendant, his "name to be restored to Don Dennis," and $100,000.00 for punitive damages and $10,000.00 for

---

[1] The Plaintiff refers to the Defendant as "he", but the Defendant is in fact a "she." For purposes of this Report and Recommendation, the Court will construe any reference to Defendant, including "he" to mean Defendant Schwarzauer.

compensatory damages (Doc. 1, p. 5).  In addition, Plaintiff challenges his conviction which he claims was as a result of Defendant's actions, as evidenced by his statement that the Defendant "caused [him] to be convicted" (Doc. 1, p. 6).

6.   On January 20, 2012, Defendant filed an Answer wherein she denies the allegations made by the Plaintiff and asserts the affirmative defenses of judicial and qualified immunity[2] (Doc. 17).  In the affidavit attached to her Special Report, Defendant explains that she did not handle Plaintiff's case, and, instead, Plaintiff's filing and related matters would have been handled by the "Court Specialist in the Criminal Division" for the Circuit Court of Mobile County, Alabama (Doc. 16-1). In the Special Report, she argues that Plaintiff's claims are frivolous and should be dismissed (Doc. 16).

7.   On January 20, 2012, the Court converted the Answer and Special Report to a motion for summary judgment (Doc. 18).

---

[2] Plaintiff does not identify whether he is suing Defendant in her individual or official capacity.  However, since the Court finds herein that Plaintiff's allegations have been improperly made under § 1983, rather than habeas corpus, there is no need to make further inquiry as to immunity at this juncture.

.

8.   Subsequently, on February 24, 2012, Plaintiff filed a
Response to Defendant's Answer, an Answer to Defendant's Special
Report, and an Affidavit (Docs. 19-21).   None of Plaintiff's
filings dispute Defendant's facts in her affidavit, namely, that
she would not be the person handling Defendant's case filings
and that she has no knowledge of the facts set forth by
Plaintiff (*see* Docs. 1, 16-2, 19-21).

## II. SUMMARY JUDGMENT STANDARD

In analyzing the propriety of a motion for summary
judgment, the Court begins with these basic principles.   The
Federal Rules of Civil Procedure grant this Court authority
under Rule 56 to render "judgment as a matter of law" to a party
who moves for summary judgment.   It is well-established that
summary judgment is proper-consistent with Federal Rule of Civil
Procedure 56(c)-"if the pleadings, depositions, answers to
interrogatories, and admissions on file, together with the
affidavits, if any, show that there is no genuine issue as to
any material fact and that the moving party is entitled to a
judgment as a matter of law." *Celotex Corp. v. Catrett*, 477
U.S. 317, 322 (1986).   The Court must view the evidence produced
by "the nonmoving party, and all factual inferences arising from
it, in the light most favorable to" that party.   *Barfield v.*

4

*Brierton*, 883 F.2d 923, 934 (11th Cir. 1989).  However, Rule

56(e) states that:

> If a party fails to properly support an assertion of
> fact or fails to properly address another party's
> assertion of fact as required by Rule 56(c), the court
> may:
>
>> (1) give an opportunity to properly support or
>> address the fact;
>> (2) consider the fact undisputed for purposes of
>> the motion;
>> (3) grant summary judgment if the motion and
>> supporting materials--including the facts
>> considered undisputed--show that the movant is
>> entitled to it; or
>> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).  "[T]here is no issue for trial unless

there is sufficient evidence favoring the nonmoving party for a

jury to return a verdict for that party. . . .  If the evidence

is merely colorable, . . . or is not significantly probative, .

. . summary judgment may be granted."  *Anderson v. Liberty

Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (internal citations

omitted).  "Summary judgment is mandated where a party 'fails to

make a showing sufficient to establish the existence of an

element essential to that party's case, and on which that party

will bear the burden of proof at trial.'"  *Custom Mfg. & Eng'g,

Inc. v. Midway Servs., Inc.*, 508 F.3d 641, 647 (11th Cir. 2007)

(citations omitted).

IV. DISCUSSION

Because Plaintiff is proceeding *pro se* in this action, the pleadings shall be given a liberal construction in the interest of justice. *See* Fed. R. Civ. P. 8(e)("Pleadings must be construed so as to do justice."); *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006)("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.")(quotations omitted), *cert. denied*, 549 U.S. 1323, 127 S.Ct. 1908 (2007)).

Plaintiff claims that Defendant violated his due process rights by: (1) improperly docketing, (2) sending incorrect DNA into evidence, and (3) misnaming his name on documents in his case (*see* Doc. 1). According to Plaintiff, as a result of Defendant's alleged misdeeds, Plaintiff has been and continues to be wrongfully incarcerated. As discussed above, Plaintiff states Defendant "has caused [Plaintiff] to be convicted under someone elses (sic) name and someone elses (sic) DNA profile." (Doc. 1, p. 6).

Even though Plaintiff seeks compensatory and punitive damages for the alleged violations, the United States Supreme Court's decision in *Heck v. Humphrey,* 512 U.S. 477 (1994), governs this case. In *Heck,* the Supreme Court reaffirmed the rule established in *Preiser v. Rodriguez*, 411 U.S. 475 (1973), that "habeas corpus is the exclusive remedy for a state prisoner

who challenges the fact or duration of his confinement and seeks
immediate or speedier release, even though such a claim may come
within the literal terms of § 1983." *Heck*, 512 U.S. at 481.
Unlike the plaintiff in *Preiser*, however, the plaintiff in *Heck*
sought only monetary damages for the alleged unlawful conduct
that led to his arrest and confinement.   Faced with only a
damages claim, the *Heck* Court held:

> We hold that, in order to recover damages
> for allegedly unconstitutional conviction or
> imprisonment, <u>or for other harm caused by
> actions whose unlawfulness would render a
> conviction or sentence invalid</u>, a § 1983
> plaintiff must prove that the conviction or
> sentence has been reversed on direct appeal,
> expunged by executive order, declared
> invalid by a state tribunal authorized to
> make such determination, or called into
> question by a federal court's issuance of a
> writ of habeas corpus, 28 U.S.C. § 2254.   A
> claim for damages bearing that relationship
> to a conviction or sentence that has *not*
> been so invalidated is not cognizable under §
> 1983.   Thus, when a state prisoner seeks
> damages in a § 1983 suit, the district court
> must consider whether a judgment in favor of
> the plaintiff would necessarily imply the
> invalidity of his conviction or sentence; if
> it would, the complaint must be dismissed
> unless the plaintiff can demonstrate that
> the conviction or sentence has already been
> invalidated.

*Heck*, 512 U.S. at 486-87 (footnote omitted) (emphasis
added, in part).   In *Heck*, the Court reasoned that, by
establishing the basis for his damages claim, Heck would
"necessarily imply" the invalidity of his conviction.   *Id.* at

487, 490.  Therefore, his damages claim was not cognizable under § 1983 until the conviction or sentence had been appropriately invalidated.  *Id.; see also Williams v. Dunn*, 2007 WL 1424551, *3-4 (S.D. Ala. 2007).

While Plaintiff in this action requests monetary damages and for Defendant to make a correction to his name in the docket, his complaint centers on Defendant's wrongful actions that led to his conviction, and but-for Defendant's mistakes, Plaintiff claims he would not be convicted and still in prison. As explicated in *Heck,* despite the fact that Plaintiff requests money and the correction of his name, these requests do not automatically allow his complaint to constitute a properly filed § 1983 action since his claims are not tied to a complaint against the *conditions* of his confinement, but rather to actions that he alleges led to his conviction.  Plaintiff would be able to proceed with a § 1983 action and request monetary remedies as he has done *only after* his conviction was established as unlawful. *See Heck*, 512 U.S. at 498.

Thus, Plaintiff improperly filed a § 1983 action since his claims challenge the Defendant's actions which caused his conviction and/or extended the duration of his confinement, rather than complaining of the actual conditions of his confinement.  Accordingly, these claims are due to be dismissed.

## V.   CONCLUSION

Based on the foregoing, it is recommended that the motion for summary judgment of Defendant JoJo Schwarzauer be granted (Docs. 16, 17), and that Plaintiff's action be dismissed without prejudice.

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. *Objection*. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[15] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation

---

[4] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).

should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   ***Transcript (applicable Where Proceedings Tape Recorded).*** Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**DONE** this 19th day of March, 2012.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE